KEVIN KERVENG TUNG, P.C.
Andrew D. Solomon, Esq.
136-20 38th Avenue, Suite 3D
Flushing, New York 11354
Telephone: 718-939-4633
Facsimile: 718-939-4468
Email: asolomon@kktlawfirm.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re:                                                                                          Case No. _____

Kevin Kerveng Tung, P.C.                                                         Chapter 11

       Debtor.
-----------------------------------------------------------------x

### AFFIDAVIT PURSUANT TO LBR 1007-4

STATE OF NEW YORK    )
                                            ) ss.:
COUNTY OF QUEENS    )

       Kevin K. Tung, being duly sworn, deposes and says:

1.    I am the managing attorney of the law firm of Kevin Kerveng Tung, P.C., the above-captioned debtor and debtor-in-possession (the "Debtor"). I submit this Affidavit in accordance with Local Bankruptcy Rule 1007-4 ("Rule 1007-4), in connection with the Debtor's voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). All facts set forth in this Affidavit are based on my personal knowledge, upon my review of the relevant documents, or upon my opinion based upon my experience and knowledge of the Debtor's operations and financial condition. I am authorized to submit this Affidavit in support of the Debtor's petition for relief under the Bankruptcy Code.

2.    Unless otherwise indicated, all financial information submitted with this Affidavit is presented on an estimated and unaudited basis.

## BACKGROUND

3. As of the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its assets and continues to manage its business as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108. This case was not originally commenced as a chapter 7, chapter 12, or chapter 13 case. No trustee, examiner, or committee of creditors has been appointed in this case and to the best of my knowledge, information, and belief there had been no informal committee formed prior to the filing of this Chapter 11 case. The Debtor is a "small business debtor" within the meaning of Bankruptcy Code § 101(51D).

4. The Debtor is a professional corporation formed under the laws of New York State. The Debtor is a law firm.

5. Janet Yijuan Fou ("Ms. Fou"), a former client of the Debtor, won a legal malpractice lawsuit against the Debtor and its managing attorney, Kevin Tung ("Mr. Tung"). The lawsuit took place in the Superior Court of New Jersey, Middlesex County, Law Division (Docket No. MID-L-6259-12). The final judgment, in the amount of $1,547,063.31, was entered on January 11, 2019.

On April 29, 2019, Ms. Fou froze the Debtor's business bank account at Citibank. The account holds about $24,000. Ms. Fou has moved to have the frozen funds turned over to her. The motion return date is June 13, 2019 in the Supreme Court of New York State, Queens County. The Debtor needs the frozen funds in order to operate.

6. The Debtor has only one unsecured creditor, who is:

Janet Yijuan Fou
c/o James A. Plaisted, Esq.
Pashman Stein Walder Hayden, PC
21 Main Street, Suite 200

Hackensack, NJ 07601
Telephone: 201-488-8200
Email: jplaisted@pashmanstein.com
Claim Amount: $1,547,063

7. The Debtor has no secured claims.

8. The Debtor has about $50,000 in assets, which consist of two checking accounts ($30,000), a lease security deposit ($14,800), office furniture and equipment ($5000). The Debtor has one debt of about $1,547,000.

9. The Debtor has not issued any publicly-held securities.

10. The Debtor has no property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

11. The Debtor rents two offices, as follows:

   A. 136-20 38th Avenue, Suite 3D, Flushing, NY 11354

   B. 136-33 37th Avenue, Suite 9B, Flushing, NY 11354 (the lease expires in August 2019 and the Debtor will not renew).

12. The Debtor's significant assets and books and records are located at 136-20 38th Avenue, Suite 3D, Flushing, NY 11354. The Debtor does not own or hold any assets outside the territorial limits of the United States.

13. On or about April 30, 2019, Ms. Fou froze the Debtor's business bank account at Citibank. The account holds about $24,000. Ms. Fou has moved to have the frozen funds turned over to her. The motion return date is June 13, 2019 in the Supreme Court of New York State, Queens County (Index No. 707380/2019).

14. Mr. Tung is the Debtor's managing attorney. Mr. Tung has been practicing law since 1999. He established Kevin Kerveng Tung, P.C. in 2004. Mr. Tung is the Debtor's primary

litigation attorney and primary generator of business. Mr. Tung also manages the business side of the Debtor's operations.

15.     The Debtor pays its employees on a monthly basis. The monthly payroll, exclusive of Mr. Tung's salary, is between $50,000 and $60,000.

16.     The Debtor proposes to pay Mr. Tung about $3000 to $5000 for services performed during the 30-day period following the bankruptcy filing.

17.     Attached to this Affidavit is a spreadsheet, for the 30-day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements and net cash gain or loss.

The Debtor estimates that its total revenue will be about $140,000 over the next 30 days: about $120,000 from legal fees and about $20,000 from subletting office space. Net cash inflow should be about $4800: cash inflow of about $140,000 less cash outflow of about $135,200.

18.     The Debtor and Mr. Tung have three appeals pending and one legal action pending, which are all related to the malpractice judgment against them, as follows:

   A. Janet Fou v. Joe Fou, in the New Jersey Supreme Court (Docket No.: 082245)

Mr. Tung is an interested third party in this case. Mr. Tung claims that his constitutional due process rights were violated because Ms. Fou's attorneys made untrue statements about him during the trial and because the trial court made findings against him without his presence in the court. Mr. Tung was not given the opportunity to challenge those statements and findings in court. The trial court case was Janet Yijuan Fou v. Joe Zhuowu Fou (Superior Court of New Jersey, Family Division, Middlesex County, Docket No.: FM-12-1685-09E).

   B. Janet Fou v. Joe Fou, in the Superior Court of New Jersey, Appellate Division (Docket No.: A-002145-18T1)

Mr. Tung is an interested third party in this case. Mr. Tung claims that his constitutional due process rights were violated because Ms. Fou's attorneys made untrue statements about him during the trial and because the trial court made findings against him without his presence in the court. Mr. Tung was not given the opportunity to challenge those statements and findings in court. Mr. Tung claims that Ms. Fou's attorneys committed fraud upon the court. The trial court case was Janet Yijuan Fou v. Joe Zhuowu Fou (Superior Court of New Jersey, Family Division, Middlesex County, Docket No.: FM-12-1685-09E).

litigation attorney and primary generator of business. Mr. Tung also manages the business side of the Debtor's operations.

15.     The Debtor pays its employees on a monthly basis. The monthly payroll, exclusive of Mr. Tung's salary, is between $50,000 and $60,000.

16.     The Debtor proposes to pay Mr. Tung about $3000 to $5000 for services performed during the 30-day period following the bankruptcy filing.

17.     Attached to this Affidavit is a spreadsheet, for the 30-day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements and net cash gain or loss.

The Debtor estimates that its total revenue will be about $140,000 over the next 30 days: about $120,000 from legal fees and about $20,000 from subletting office space. Net cash inflow should be about $4800: cash inflow of about $140,000 less cash outflow of about $135,200.

18.     The Debtor and Mr. Tung have three appeals pending and one legal action pending, which are all related to the malpractice judgment against them, as follows:

   A. Janet Fou v. Joe Fou, in the New Jersey Supreme Court (Docket No.: 082245)

Mr. Tung is an interested third party in this case. Mr. Tung claims that his constitutional due process rights were violated because Ms. Fou's attorneys made untrue statements about him during the trial and because the trial court made findings against him without his presence in the court. Mr. Tung was not given the opportunity to challenge those statements and findings in court. The trial court case was Janet Yijuan Fou v. Joe Zhuowu Fou (Superior Court of New Jersey, Family Division, Middlesex County, Docket No.: FM-12-1685-09E).

   B. Janet Fou v. Joe Fou, in the Superior Court of New Jersey, Appellate Division (Docket No.: A-002145-18T1)

Mr. Tung is an interested third party in this case. Mr. Tung claims that his constitutional due process rights were violated because Ms. Fou's attorneys made untrue statements about him during the trial and because the trial court made findings against him without his presence in the court. Mr. Tung was not given the opportunity to challenge those statements and findings in court. Mr. Tung claims that Ms. Fou's attorneys committed fraud upon the court. The trial court case was Janet Yijuan Fou v. Joe Zhuowu Fou (Superior Court of New Jersey, Family Division, Middlesex County, Docket No.: FM-12-1685-09E).

C. <u>Janet Fou v. Kevin Kerveng Tung, P.C. and Kevin Tung, Esq., in the Superior Court of New Jersey, Appellate Division (Docket No.: A-002594-18T1)</u>

The Debtor and Mr. Tung have appealed the jury's verdict, on various legal bases, in the case of <u>Janet Yijuan Fou v. Kevin Kerveng Tung, P.C. and Kevin Tung, Esq.</u> (Superior Court of New Jersey, Law Division, Middlesex County, Docket No.: MID-L-6259-12).

D. <u>Kevin Tung v. The Superior Court of New Jersey – U.S. District Court, District of New Jersey (Civil Action No.: 19-00871 {FLW-TJB})</u>

Mr. Tung claims that the Superior Court of New Jersey failed to implement the appropriate procedures for protecting the due process rights of its officers of the court, which include attorneys. The trial court allowed Ms. Fou's attorneys to make untrue statements about Mr. Tung without giving Mr. Tung the opportunity to challenge those statements.

The Debtor's prospects for rehabilitation are very high. It is highly likely that the Debtor will win its appeals and have the $1.55 million judgment in favor of Ms. Fou set aside.

By: /s/ Kevin K. Tung
    Name: Kevin K. Tung
    Title: Managing Attorney


Sworn to before me on this 28th day of May, 2019:

/s/ Andrew D. Solomon
Notary Public, New York State

| Kevin K. Tung, P.C. | Estimated Monthly | EDNY Chapter 11 |
|---|---:|---|
| CASH INFLOW | | |
| Legal Fee Revenue | 120,000 | |
| Sublet Revenue | 20,000 | |
| TOTAL CASH INFLOW | 140,000 | |
| | | |
| EXPENSES | | |
| Advertising & Promotion | 1,000 | |
| Court filing fees | 3,000 | |
| Equipment rental | 200 | |
| Insurance - health | 2,400 | |
| Insurance - malpractice | 3,000 | |
| Legal research vendors | 800 | |
| Legal services vendors | 4,500 | |
| Office supplies | 1,000 | |
| Payroll | 75,000 | |
| Postage | 700 | |
| Rent | 41,000 | |
| Telephone | 1,600 | |
| Utilities | 1,000 | |
| TOTAL CASH OUTFLOW | 135,200 | |
| | | |
| NET CASH FLOW | 4,800 | |
| | | |
| Accounts Receivable | 0 | |
| Accounts Payable | 0 | |